PEDRO NUCCIO-MANFRE, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 720. Submitted May 7, 1928.—Decided May 11, 1928.

The appellant appeared *pro se.* The registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Pedro Nuccio Manfre bought a piece of property at a tax sale. In the tax certificate it appeared that the property was sold as belonging to the Succession of Antonio Rivera Irizarry. The certificate also contained a statement that Pedro Nuccio Manfre was a mortgage creditor and that Laureana and Rosa Rivera were the heirs of Antonio Rivera Irizarry. When the certificate of sale was presented to the registrar of property on the 12th of December, 1927, he refused record on the ground that the property appeared to be recorded in the name of Antonio Rivera Irizarry and not in the name of his succession. The registrar entered a cautionary notice

for 120 days and after an appeal to this court, *Nuccio Manfre* v. *Registrar,* 37 P.R.R. 562, Pedro Nuccio attempted to remedy the defect.

He obtained an order from the District Court of Mayagüez which recited that Pedro Nuccio Manfre was the owner of the said property as shown by the evidence; that Antonio Rivera Irizarry died on the 11th of January, 1919; that the property was sold for taxes to Pedro Nuccio Manfre on the 25th of January, 1926; that a year had elapsed without a redemption; that the heirs of the intestate Antonio Rivera Irizarry were his three natural children, José, Estebanía and Ramón Esteban, who had not accepted the inheritance and therefore the court ordered that the estate of Antonio Rivera Irizarry was vacant (*vacante*) and ordered a certificate to that effect to issue.

When this order was presented to the registrar of property he refused to record in the following note:

"Considering the certificate issued by J. Durán Cruz, Deputy Secretary of the District Court of this city, of the order made in case No. 12,950 regarding a vacant inheritance brought before said court by Pedro Nuccio Manfre on March 20, 1928, the conversion of the cautionary notice into a definite record is hereby denied, and in its stead a cautionary notice for 120 days is entered as provided by law: Because from said order it does not appear that the heirs referred to in this certificate of sale, that is, Laureana and Rosa Rivera, have renounced the inheritance, and because José, Estebanía and Ramón Esteban, who it is stated in the said order are the presumptive heirs as acknowledged natural children of the intestate, have not accepted the inheritance or begun a proceeding for a declaration of heirs, are persons distinct from those previously mentioned who are not shown to have been notified, and the unknown persons who may have an interest in said inheritance not having been notified either, all according to the law for these cases provided."

The appellant says in effect that the registrar was bound to respect the order of the court and could not question it. We think the registrar was right.

Under section 18 of the Mortgage Law the registrar is bound to examine, perhaps not all the evidence or the findings of the court over questions of fact duly submitted, but the alleged owner's chain of title. This was a tax sale and originally the supposed heirs were two persons entirely distinct from the persons recited in the order of the court. There is a serious question if the tax sale was properly made if the real heirs were not duly notified. There is also force in the registrar's statement that none of the supposed heirs was cited to appear in court.

The note appealed from will be affirmed.